FRANK FALLON, INDIVIDUALLY, AND AS GUARDIAN *AD LITEM* OF CAROL FALLON, AN INFANT, PLAINTIFF, v. WALTER PEKARSKY, LOUISE USZAZAK AND FRANK USZAZAK, DEFENDANTS.

Superior Court of New Jersey
Law Division, Middlesex County

Decided November 15, 1962.

Messrs. *Jacob, Alfred & Richard Levinson* for plaintiff.

Mr. *John Stockel* for defendant Water Pekarsky.

Messrs. *Kovacs, Anderson & Brigiani* for defendants Louise Uszazak and Frank Uszazak (*Mr. Paul E. Anderson,* of counsel).

*Mr. Arthur J. Sills,* Attorney General of New Jersey, for Division of Motor Vehicles (*Mr. Peter P. Cascone, Jr.,* of counsel).

MOLINEUX, J. C. C. (specially assigned). The order to show cause herein raises an issue as to the disposition of monies deposited with the State of New Jersey by the defendant, Walter Pekarsky, pursuant to the provisions of the Motor Vehicle Security-Responsibility Law (*N. J. S. A.* 39:6–23 *et seq.,* etc.).

As a result of an automobile accident involving the parties, various suits were instituted which were tried together. Judgments were recovered against the defendant Pekarsky as follows: Louise Uszazak, $1558.95; Frank Uszazak, $650; Frank Fallon as guardian *ad litem* of Carol Fallon, an infant, $8500; Frank Fallon, individually, $1500. Pekarsky was uninsured and none of these judgments has been paid.

Under the provisions of *N. J. S. A.* 39:6–25, where an uninsured motorist is involved in an automobile accident, he is required to deposit with the Director of Motor Vehicles security for the payment of potential claims arising out of such accident. In the instant case, the Director, upon information received by him, determined that the amount that the defendant should deposit was the sum of $1525. Such amount was so deposited and is presently held by the Treasurer of the State of New Jersey. While no formal proof has been submitted to the court, it appears from the briefs and all counsel apparently agree that the amount as so fixed by the Director was determined upon by an appraisal by him of the claim of Frank Uszazak in the amount of $270 and an appraisal of the claim of Frank Fallon as guardian *ad litem* in the amount of $1255. Such claims were evaluated by the Director because of reports of the accident filed with him by Frank Uszazak and Frank Fallon as guardian *ad litem,* pursuant to *N. J. S. A.* 39:4–130. As a result of the trial, not only were the estimates of the Director inadequate for the claims appraised, but additional claims were therein adjudi-

cated to exist. The problem here raised is as to the disposition of the funds among the various claimants.

Subsequent to the entry of the judgment, counsel for Louise and Frank Uszazak, in an effort to improve their positions, caused to be issued a writ of execution and a levy was made upon the funds deposited as aforesaid.

The questions arising are: (1) What is the effect, if any, of the writ of execution and levy? and (2) Assuming that the writ creates no priority, is a statutory priority created in favor of those persons whose claims were appraised by the Director as against other parties who obtained judgments for claims arising out of the same accident?

■■ No cases have been cited to the court, nor has the court been able to find any which are helpful in the disposition of the issues so raised. A reading of the provisions of the Motor Vehicle Security-Responsibility Law clearly shows that the purpose of that act is to create a trust fund for the benefit of those persons having claims arising out of accidents involving uninsured drivers. It would appear that the scheme of the statute should in no wise be affected by an execution and a levy. It is therefore held that the execution on behalf of Louise and Frank Uszazak in no wise improves their position beyond that given to them by the Motor Vehicle Security-Responsibility Law.

■ *N. J. S. A.* 39:6–30 provides as follows: "Security deposited in compliance with * * * this act shall be applicable only to the payment of a judgment or judgments rendered against the person or persons on whose behalf the deposit was made, for damages arising out of the accident in question in a civil action * * *." It should be noted that the statute does not expressly give any priority to those whose claims were appraised by the Director pursuant to *N. J. S. A.* 39:6–25. To so hold would result in giving to the Director power to fix priorities as between claimants in assets of a single defendant under circumstances wherein other defendants would have no opportunity to be heard. The informality of the statutory procedure whereby the Director fixes the

amount of the security to be deposited suggests no legislative intent that in so doing the Director is fixing priorities as between claimants arising out of the same accident. The court is of the opinion that the funds deposited should be distributed among all those obtaining judgments against the single defendant on a *pro rata* basis. An order may be submitted to this effect.